## Case No. 69.

### ADAMS v. WHITING.

[2 Cranch, C. C. 132.][1]

Circuit Court, District of Columbia. April Term, 1817.

ADMINISTRATORS—ACTIONS —PERSONAL LIABILITY ON PROMISE—DECLARATION.

A declaration upon a promise made by the defendant as administrator must aver assets, in order to charge him personally de bonis propriis.

At law. The declaration charged that the defendant, administrator of Charles Little, made his promissory note to Thomas Peake, and thereby as administrator of the said Charles Little, promised to settle with him for sundry taxes and clerk's notes due from the late Charles Little for himself individually, and as executor and administrator of others, to the amount of $47.74; which note the said Thomas Peake assigned to the plaintiff, of which the defendant had notice; by means whereof, and by force of the statute, the defendant became liable to pay to the plaintiff the said sum of money in the said note specified, according to the tenor and effect thereof and of the said assignment, and being so liable, the defendant, in consideration thereof, promised the plaintiff to pay him the said sum of money. Nevertheless, the defendant, although often requested, has not paid, &c. To this declaration there was a general demurrer and joinder.

Mr. Taylor, for defendant, cited Hawkes v. Saunders, Cowp. 289, and Atkins v. Hill, Id. 284.

Mr. Fitzhugh, contra, cited Morris v. Lee, 2 Ld. Raym. 1396, and Grant v. Vaughan, 3 Burrows, 1516.

THE COURT (THRUSTON, Circuit Judge, absent) decided that the declaration was bad for the want of an averment of assets; inasmuch as the promise was made by the defendant as administrator, and the declaration sought to charge him personally de bonis propriis.